Filed 1/19/21  P. v. Kane CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>MICHAEL DAVID KANE,<br><br>     Defendant and Appellant. | B304451<br><br>(Los Angeles County Super. Ct. No. LA062376) |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph A. Brandolino, Judge.  Reversed and remanded.

Stephen Temko, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey,

Senior Assistant Attorney General, Scott A. Taryle and Michael R. Johnsen, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Michael David Kane appeals from the trial court's postjudgment order denying his petition for resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Senate Bill 1437). Section 1170.95 provides for vacatur of a murder conviction obtained under either the natural and probable consequences doctrine or the felony murder theory of liability, if the defendant was not the actual killer, did not intend to kill, and was not a major participant in an underlying felony who acted with reckless disregard for human life.  (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Kane contends the trial court erred by summarily denying his petition on the basis that substantial evidence supported the theory that he intended to kill the victim and was therefore ineligible for relief as a matter of law.

We reverse and remand to the trial court for further proceedings.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

# FACTS AND PROCEDURAL HISTORY[2]

## *The Murder*

"On Monday, June 15, 2009, Jamie Rainer contacted appellant Kane on behalf of her housemate, Esteban Arraya, who wished to purchase marijuana. Kane was suspicious of Arraya, but agreed to help after Rainer said that she trusted Arraya. Ultimately, Diane Vigil, another of Rainer's housemates, drove Arraya to a Jack in the Box and met up with Abraham Nunez, as arranged by Kane. They were accompanied by Kane's housemate Sandy Motta. Nunez provided Arraya with marijuana and was almost immediately arrested by police. Vigil and Arraya were also arrested. Motta had stepped out of the car during the transaction and was not arrested.

"Kane blamed Arraya, Rainer, Vigil and Motta for Nunez's arrest. Kane gathered some friends, including appellants Herrera and Hernandez and codefendant Paul Marino. The men hit and threatened Rainer and Vigil to get them to provide bail money for Nunez. Motta was also expected to provide bail money. The women did provide some money the next day, and Arraya provided a car stereo in lieu of money.

---

[2] We take judicial notice of this court's prior unpublished opinion in *People v. Hernandez* (Nov. 4, 2011, B224527) (*Hernandez*), from which the facts are drawn.

"On June 18, 2009, Kane and Herrera went to a house on Kelvin Avenue which was occupied by Arraya, Vigil, Rainer and others. They shot and killed Antonio Araiza, in the mistaken belief that he was Arraya. They took a laptop belonging to another resident of the house, Angelina Frias." (*Hernandez*, *supra*, B224527.)

### The Trial

In 2010, Kane and Herrera were convicted of first degree murder. (§ 187, subd. (a) [count 4]).[3] Kane, Herrera, and Hernandez were also convicted of two counts of extortion (§ 520 [counts 1 & 2]), in a related incident. (*Hernandez*, *supra*, B224527.)

The trial court found true the allegation that Kane had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1) and the three strikes law (§§ 667, subds. (b)–(i), 1170.12), and the allegation that Kane and had served a prior prison term within the meaning of section 667.5, subdivision (b). The trial court sentenced Kane to a term of 65 years to life in state prison. (*Hernandez*, *supra*, B224527.)

---

[3] The jury found not true the allegation that Herrera personally used and discharged a firearm in the commission of the murder within the meaning of section 12022.53, subdivision (d).

*The Appeal*

On appeal, Kane and Herrera argued that there was insufficient evidence to support their murder convictions. (*Hernandez, supra,* B224527.)  The court noted that Herrera was seen going into the confrontation armed with a gun, and that Kane was seen with a gun after the shooting.  Araiza was killed by a single gunshot wound to the chest.  Kane was seen carrying a laptop as he and Herrera left the scene.  The men were tried for first degree murder under the alternative theories that (1) each was a direct perpetrator or an aider and abettor who acted with premeditation and deliberation, or (2) they killed Araiza in the commission of the robbery and were therefore guilty of felony murder.  The appellate court analyzed the sufficiency of the evidence against the men as identical, because they acted in complete concert and there was "no reason to believe that the two men had different intents."  It concluded that "'the evidence was consistent with a theory of premeditated and deliberate first degree murder, with a theory of first degree felony murder, or with a theory of both, but not with a theory of neither.' (*People v. Sakarias* (2000) 22 Cal.4th 596, 627.)"  The appellate court remanded to the trial court with respect to an issue of attorneys' fees, and corrected Herrera's custody credit, but otherwise affirmed the judgment.  (*Hernandez, supra,* B224527.)

### *Petition for Resentencing*

On May 23, 2019, Kane filed a petition for vacatur of the murder conviction and resentencing under section 1170.95. He utilized a standardized form, and indicated that he was not the killer, did not act with intent to kill, and was not a major participant in the underlying robbery who acted with reckless indifference to human life. He requested that counsel be appointed to him.

The People filed a response on November 20, 2019, contending that Kane was ineligible for relief because although he was tried under dual theories of intent to kill and felony murder at trial, the court of appeal concluded there was sufficient evidence to convict Kane of first degree murder under an intent to kill theory of liability.

The trial court appointed counsel to Kane on June 7, 2019. Counsel did not file a reply pursuant to section 1170.95.

At a hearing on December 16, 2019, the trial court denied Kane's section 1170.95 petition, stating: "The appellate court previously found -- and I think this is part of the record -- that the court can and should consider if they first found sufficient evidence to support an inference that the defendant had the intent to kill when he went to the house at which the murder occurred and worked with the codefendant Herrera to accomplish that goal -- that was specifically upheld. Evidence of that was considered sufficient by the appellate court -- and that the appellate

court also found sufficient evidence to support a finding of the defendant's premeditation and deliberation. [¶] So, based on that, I -- I think that the defendant loses. To the extent that the jury would have convicted him, obviously, based on intent to kill and on [the] People's theory of first degree murder, then, obviously, there's sufficient evidence. To the extent that the defendant may have been -- and also to the extent -- I don't know if natural and probable consequences were part of this case, but, even if it were, that would preclude any argument under that theory, as well. To the extent that the defendant may have been convicted under the felony murder theory, clearly, obviously, having intent to kill and was a major participant, he and the codefendant Herrera were both equal participants. The defendant had the gun in his hand at one point, and, whether or not he was the shooter, it's the court's view -- and I think it's pretty clear from the evidence -- that he was -- he was a major participant, along with his codefendant. [¶] So, in any event, I don't believe he's eligible for relief under the statute. So the motion will be denied."

Kane timely appealed.

## DISCUSSION

On appeal, Kane contends, and the People concede, that the trial court erred when it found that the appellate court's conclusion that the evidence was sufficient to support a finding that Kane acted with the intent to kill Araiza

rendered him ineligible for relief under section 1170.95.  We agree.

### *Senate Bill 1437 and Section 1170.95*

Through section 1170.95, Senate Bill 1437 created a process by which a defendant convicted of murder under the natural and probable consequences or felony murder doctrine can petition to have his or her conviction vacated and be resentenced.  Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that "(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (See § 1170.95, subd. (c).)

If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition.  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 323, 329–330 (*Verdugo*), review granted

8

Mar. 18, 2020, S260493.)  A petitioner is ineligible for relief under section 1170.95 as a matter of law if the record shows he or she was not convicted of murder.  (*People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 [attempted murder]; *People v. Turner* (2020) 45 Cal.App.5th 428, 438 [manslaughter]; *People v. Flores* (2020) 44 Cal.App.5th 985, 993 [same].)  A petitioner is also ineligible if his murder conviction was solely predicated on the theory that he was the perpetrator or a direct aider and abettor.  (*People v. Edwards* (2020) 48 Cal.App.5th 666, 674–675, review granted July 8, 2020, S262481 [actual killer]; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138–1139, review granted Mar. 18, 2020, S260598 [direct aider and abettor, jury not instructed on natural and probable consequences or felony murder theory of liability].)

If, on the other hand, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, "the petitioner is permitted to proceed to the next stage of review under section 1170.95, subdivision (c).  In that next stage, the trial court must evaluate . . . whether the facts and circumstances of the offense(s) prevent the petitioner from making 'a prima facie showing that he or she is entitled to relief.'  (§ 1170.95, subd. (c).)"  (*People v. York* (2020) 54 Cal.App.5th 250, 262 (*York*), review granted Nov. 18, 2020, S264954.)

*Analysis*

Here, the court of appeal concluded Kane's murder conviction was supported by substantial evidence because, regardless of whether the jury reached a first degree murder verdict on the basis of direct liability or the felony murder theory of liability, the evidence was sufficient to support the verdict. There is nothing in the record that indicates which theory the jury espoused, or whether some jurors relied on one theory while other jurors relied on the other. Thus we cannot say, and the appellate court did not hold, that Kane possessed the intent to kill as a matter of law. Substantial evidence supports both theories, but at this point in the proceedings pursuant to section 1170.95 the trial court may not engage in fact-finding, and Kane is entitled to the benefit of the doubt. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329 [when evaluating section 1170.95 petitioner's eligibility under subdivision (c), the court must make "all factual inferences in favor of the petitioner"].) Because the record of conviction does not establish that Kane possessed the intent to kill as a matter of law, and it does not appear that he is otherwise ineligible for relief as a matter of law, we reverse and remand the matter to the trial court to conduct further proceedings in accordance with the terms of section 1170.95. (See *York*, *supra*, 54 Cal.App.5th at p. 262 ["[w]hen the trial court cannot determine that the petitioner is ineligible for relief as a *matter of law* . . . the petitioner is permitted to

10

proceed to the next stage of review under section 1170.95, subdivision (c)"].)

## DISPOSITION

The trial court's order denying Kane's resentencing petition is reversed.  We remand for the trial court to conduct further proceedings in accordance with the terms of section 1170.95.


MOOR, J.


We concur:



BAKER, Acting P. J.



KIM, J.

11